NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHERYL WELLS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-2177

---

Petition for review of the Merit Systems Protection Board in No. AT-0831-16-0804-I-1.

---

Decided: April 17, 2018

---

ARIEL E. SOLOMON, Solomon Law Firm, PLLC, Albany, NY, for petitioner.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by KATHERINE M. SMITH.

---

Before O'MALLEY, MAYER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Cheryl Wells ("Wells") appeals from the final decision of the Merit Systems Protection Board ("the Board") dismissing her appeal as moot after the Office of Personnel Management ("OPM") rescinded its decision which had reduced the amount of her monthly retirement annuity and granted her an opportunity to make the necessary civil service deposit. *Wells v. Office of Pers. Mgmt.*, No. AT-0831-16-0804-I-1, 2017 WL 1148081 (M.S.P.B. Mar. 21, 2017) ("*Final Decision*"). Because we agree with the Board's determination that the appeal is moot, we *affirm*.

### BACKGROUND

Wells was a member of the United States Navy from 1974 to 1979. J.A. 69. She subsequently worked for the General Services Administration between 1980 and 1984, and the Department of Health and Human Services from 1984 until her retirement from federal service in 2005. *Id.*

In a final decision letter dated August 1, 2016, OPM notified Wells that, because the Social Security Administration certified that she was eligible for Social Security benefits, "OPM was recomputing her civil service annuity to eliminate retirement credit for [her] post-1956 military service for which she had not made a pre-retirement deposit." *Final Decision*, 2017 WL 1148081, at *1. The letter explained that the law "allows credit for military service performed after 1956 under both the Civil Service Retirement System and the Social Security system, if the employee pays a deposit for the service before his retirement," but that Wells failed to make the deposit "even though [she was] informed about the consequences." J.A. 67.

Wells timely appealed OPM's decision to the Board. In her appeal, Wells claimed that she was entitled to make a post-separation deposit to the Civil Service Retirement Fund to obtain credit for her military service—and to have her retirement annuity recalculated based on

that deposit—because her employing agency made certain errors that caused her not to make the deposit at the time of her retirement. J.A. 103.

The administrative judge ("AJ") issued a routine acknowledgment order on September 9, 2016. J.A. 73–79. In response, OPM asserted that Wells was not entitled to make a belated deposit because: (1) there was no evidence of administrative error; and (2) she was provided an opportunity to make a deposit prior to her retirement. J.A. 65–66. The AJ conducted a hearing during which Wells claimed that her employing agency provided inadequate and/or inaccurate information regarding the effect of not making the pre-retirement deposit and the time allotted for making such deposit. In her closing statement, Wells alleged that the agency official designated to assist her with her retirement did not inform her of the amount of money she would have had to deposit to get credit for her military time and led her to believe that the deposit could be made after retirement. J.A. 20.

Based on the information presented during the hearing, OPM rescinded its final decision in a letter dated March 8, 2017. J.A. 17. Therein, OPM explained that, because "[t]here appears to be administrative error on the appellant's retiring agency," OPM "will allow for a belated deposit for the service for which no military deposit was made." *Id.* Because OPM "completely rescinded its final decision," it moved to dismiss Wells' appeal. *Id.* Wells objected to the motion to dismiss, arguing that "she has yet been returned to the *status quo ante*" because the agency had neither provided her with an "opportunity to buy back her military time" nor reimbursed her "for the erroneous deductions of her annuity." J.A. 14.

On March 21, 2017, the AJ issued an initial decision dismissing Wells' appeal as moot. Specifically, the AJ explained that, because OPM "is affording [Wells] the opportunity to make the military service deposit neces-

sary to receive retirement service credit for the periods of military service for which she did not make a pre-retirement deposit," Wells received all the relief she would have received if the matter had been adjudicated and she had prevailed. *Final Decision*, 2017 WL 1148081, at *1.

Because Wells did not petition the Board to review the AJ's initial decision, it became the final decision of the Board. Wells timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our jurisdiction to review Board decisions is limited. By statute, we must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction to adjudicate an appeal is a question of law, which we review de novo. *Johnston v. Merit Sys. Prot. Bd.*, 518 F.3d 905, 909 (Fed. Cir. 2008). The petitioner bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *Fields v. Dep't of Justice*, 452 F.3d 1297, 1302 (Fed. Cir. 2006).

The Board's jurisdiction is "determined by the nature of an agency's action at the time an appeal is filed with the Board." *Fernandez v. Dep't of Justice,* 105 M.S.P.R. 443, 446 (2007). "[A]n agency's unilateral modification of its adverse action after an appeal has been filed cannot divest the Board of jurisdiction unless the appellant consents to such divestiture or unless the agency completely rescinds the action being appealed." *Harris v. Dep't of the Air Force*, 96 M.S.P.R. 193, 195 (2004). We have recognized that, where "an appealable action is canceled or rescinded by an agency, any appeal from that action becomes moot." *Cooper v. Dep't of the Navy*, 108

F.3d 324, 326 (Fed. Cir. 1997). Dismissal of an appeal as moot is a dismissal for lack of jurisdiction. *Haskins v. Dep't of the Navy*, 106 M.S.P.R. 616, 624 (2007).

For an appeal to be deemed moot, "the employee must have received all of the relief that he could have received if the matter had been adjudicated and he had prevailed." *Fernandez*, 105 M.S.P.R. at 446 (citation and quotation marks omitted). Stated differently, the employee "must be returned to the status quo ante and not left in a worse position because of the cancellation than he would have been in if the matter had been adjudicated." *Harris*, 96 M.S.P.R. at 195–96.

On appeal, Wells argues that she was not restored to the status quo ante because "OPM merely represented an intention to rescind its Final Decision and represented [that] Ms. Wells would receive partial relief sometime in the future." Pet'r Br. 6. Wells maintains that dismissing the matter as moot without returning her to the status quo ante "renders her without remedy if OPM fails to take, or improperly takes, its promised actions." *Id*. As explained below, these arguments are without merit.

First, the record shows that OPM completely rescinded its August 1, 2016 final decision, and that Wells will be permitted to make a late deposit in the Civil Service Retirement Fund.[1] OPM indicated that Wells "will be notified under separate cover of the deposit amount owed

---

[1] Wells cites *Haskins* for the proposition that "promises of future relief through rescission are not sufficient to render a case moot and divest the Board of jurisdiction." Pet'r Br. 9. Although Wells questions whether OPM has, in fact, rescinded the final decision, OPM's March 8, 2017 letter to the AJ makes clear that it has done so, and the government confirmed as much in this appeal. Resp't Br. 9–11.

after the dismissal becomes final and will be given 30 days to make said deposit in full." J.A. 17. There is no evidence in the record that OPM will refuse to provide Wells with the information necessary to make her deposit. By rescinding the final decision and giving Wells an opportunity to make the post-separation deposit, OPM provided her with all the relief she would be entitled to had she prevailed before the Board. *See Fernandez*, 105 M.S.P.R. at 446.

Second, Wells cites no relevant authority for her suggestion that the Board should have retained jurisdiction over her appeal, and that its failure to do so divested her of a "potential remedy should OPM fail to take the actions necessary to restore her to the status quo ante." Pet'r Br. 14. To the contrary, as the government explains, once OPM issues its decision informing Wells of the amount she must pay into the retirement fund for her post-1956 military service, "she will have the opportunity to request reconsideration of that decision if she disagrees with it and the right to appeal any OPM reconsideration decision to the [Board]." Resp't Br. 12.

Because OPM rescinded its final decision, there is no final decision from which to appeal, no decision for the Board to review, and no grounds for the Board to retain jurisdiction. *See Glasgow v. Office of Pers. Mgmt.*, 103 M.S.P.R. 531, 533 (2006) ("If OPM completely rescinds a reconsideration decision, the Board no longer retains jurisdiction over the appeal in which that reconsideration decision is at issue, and the appeal must be dismissed."). In these circumstances, the Board did not err in dismissing Wells' appeal. We expect, however, that OPM will act promptly in notifying Wells of the deposit amount owed and giving her thirty (30) days to make that deposit, as promised in OPM's March 8, 2017 letter.

CONCLUSION

For the foregoing reasons, and because we find Wells' remaining arguments are without merit, we *affirm* the Board's final decision.

**AFFIRMED**

COSTS

No costs.